# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**FOND DU LAC APARTMENTS, LLC,**
         **Plaintiff,**

    v.                                                  Case No. 14-C-0563

**GENE SEHRT,**
         **Defendant.**

## DECISION AND ORDER

Gene Sehrt, proceeding pro se, has removed a state-court small-claims eviction action to this court. The plaintiff, Fond du Lac Apartments, LLC, has filed a motion to remand the case to state court for lack of federal subject matter jurisdiction. For the reasons stated below, the motion to remand will be granted.[1]

Generally, federal subject matter jurisdiction exists when either the plaintiff's claim arises under federal law, see 28 U.S.C. § 1331, or the parties are of diverse citizenship and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332. In the present case, neither of these requirements is satisfied. The plaintiff's claim does not arise under federal law; it is simply an action under state law for eviction. Although the defendant alleges that the plaintiff has violated the Fair Housing Act, such a federal claim would be either a defense to the plaintiff's suit or a basis for a counterclaim. Federal-question jurisdiction does not exist when the federal question arises as part of a defense to the plaintiff's suit

---

[1]Defendant filed a motion for an evidentiary hearing on the motion to remand. However, I conclude that the motion to remand can be decided without an evidentiary hearing. Therefore, the motion for an evidentiary hearing will be denied.

or a counterclaim. Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 829–32 (2002).

The defendant in his notice of removal does not demonstrate that the parties are of diverse citizenship. The defendant points out that the complaint identifies the plaintiff using an Illinois address and the defendant using a Wisconsin address; however, the parties' addresses do not determine their citizenship. The plaintiff is a limited liability company, the citizenship of which is determined by the citizenship of its members. See, e.g., Wise v. Wachovia Sec., LLC, 450 F.3d 265, 267 (7th Cir. 2006). Nothing in the notice of removal shows that all members of the plaintiff are citizens of different states than the defendant.

In any event, even if the parties were diverse, the amount-in-controversy requirement has not been met. The complaint does not identify the amount in controversy, and thus the defendant in his notice of removal was required to plead that the value of the relief requested in the plaintiff's complaint exceeds $75,000. See Brill v. Countrywide Home Loans, Inc., 427 F.3d 446, 48–49 (7th Cir. 2005). The defendant alleges generally that the amount in controversy "exceeds millions of US dollars," see Notice of Removal at 3, but this allegation is clearly false. As noted, the plaintiff's action is one for eviction filed in small claims court, and the relief the plaintiff seeks is removal of the defendant from the apartment and payment of "a few thousand dollars" in back rent and property damage. See Mot. for Remand at 2. Thus, it is legally certain that the amount in controversy does not exceed $75,000. See Brill, 427 F.3d at 448.

Accordingly, **IT IS ORDERED** that plaintiff's motion to remand is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's motion for an evidentiary hearing is **DENIED**.

Dated at Milwaukee, Wisconsin, this 13th day of June 2014.

                                      s/ Lynn Adelman
                                      _____
                                      LYNN ADELMAN
                                      District Judge